IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAMON A. SOTO,

Plaintiff

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant

CIVIL 12-1997 (JA)

OPINION AND ORDER

On December 7, 2012, plaintiff filed this petition for judicial review of a final decision of the Commissioner of Social Security which denied his application for a period of disability and Social Security disability insurance benefits. (Docket No. 1). The case was transferred to me on December 17, 2012, pursuant to the authority of 28 U.S.C. § 636(c). (Docket No. 6). The answer to the complaint was filed on May 14, 2013. (Docket No.10).

Plaintiff filed a comprehensive memorandum of law against the final decision of the Commissioner on October 9, 2013. (Docket No.20). On December 9, 2013, the Commissioner filed a memorandum and moved to remand under Sentence Four of 42 U.S.C. § 405(g). (Docket No. 24). The Commissioner explained that the administrative law judge would be asked on remand to conduct further proceedings, including to further evaluate the severity of plaintiff's alleged mental impairment and the limitations imposed by that impairment. (Docket No. 24 at 5). The motion to remand was granted and I entered judgment in favor of plaintiff on April 15, 2014. (Docket Nos. 25, 27).

CIVIL 12-1997 (JA)                                        2

This matter is before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA"), filed on July 11, 2014. (Docket No. 29). In it, plaintiff moves for an award of attorney's fees in the total amount of $5,332.66 (28.26 hours at a rate of $188.70 per hour). The Commissioner of Social Security has filed no opposition to plaintiff's motion. Plaintiff's motion having been reviewed, the same is GRANTED.

The EAJA provides in relevant part that "a court shall award to a prevailing party … fees and other expenses … incurred by that party in any civil action … brought by or against the United States … unless the court finds that the position of the United States was substantially justified.…" 28 U.S.C. § 2412(d)(1)(A). See Commissioner, I.N.S. v. Jean, 496 U.S. 154, 155, 110 S.Ct. 2316 (1990); Castaneda-Castillo v. Holder, 723 F.3d 48, 57 (1st Cir. 2013); Heredia v. Sec'y of Health & Human Svcs., 783 F. Supp 1550, 1551 n.1 (D.P.R. 1992). The burden is on the United States to demonstrate that its position was substantially justified in the proceedings at the agency and in the ensuing litigation following agency action or inaction. See Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001). The Commissioner has failed to meet that burden as demonstrated by its acquiescence to the motion for attorney's fees. See Trinidad v. Sec'y of Health & Human Svcs., 935 F.2d 13, (1st Cir. 1991); Santiago-Aybar v. Commissioner of Social Security, 545 F. Supp. 2d 231, 236-37 (D.P.R. 2008); cf. Alonso-Velez v. Commissioner of Social Sec., 796 F. Supp.2d 300,304-05 (D.P.R. 2011). And plaintiff is clearly a prevailing party under 42 U.S.C. § 405(g). See Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S. Ct. 2625 (1993).

CIVIL 12-1997 (JA)                                3

I similarly find, after reviewing plaintiff's itemized statement, that plaintiff's computation of the actual time expended (23.86 hours) and the rate charged per hour ($188.70) are reasonable.  Counsel has conducted a very active practice of law for almost forty years, almost all of it dedicated to Social Security cases.  See Acosta v. Commissioner of Soc. Sec., 2013 WL 5567478 at *3 (D.P.R. October 9, 2013.  He filed a comprehensive 24-page memorandum of law, with attachments.  See e.g. Ramos-Morales v. Commissioner of Social Security, 2013 WL 1909615 (D.P.R. May 8, 2013); Bermontiz-Hernandez v. Commissioner of Social Security, 2013 WL 1788550 (D.P.R. Apr. 26, 2013); Valentin-Negron v. Commissioner of Social Security, 2012 WL 5948341 (D.P.R. Nov. 28, 2012).  The maximum compensable rate per hour allowed by the Equal Access to Justice Act in 1996 was $125.00.  Cf. Rivera-Quintana v. Commissioner of Social Security., 692 F. Supp. 2d 223, 227-28 (D.P.R. 2010).   As I have noted before, cost of living increases justify the rate proposed by plaintiff.  See 28 U.S.C. § 2412(d)(2)(A)(ii); Acosta v. Commissioner of Social Sec., 2013 WL 5567478 at *3; see Nieves Montijo v. Commissioner of Social Security, 2011 WL 903970 (D.P.R. March 10, 2011).  Therefore, I award reasonable attorney's fees in the amount of $5,332.66 at the District Court level.

       SO ORDERED.

       At San Juan, Puerto Rico, this 4th day of August, 2014.

                                    S/ JUSTO ARENAS
                            United States Magistrate Judge